**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Bart Ellis SHOUPE, Defendant–
Appellant.**

**No. 03–50766
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Jan. 12, 2004.

Joseph H. Gay, Jr., Assistant US Attorney, Margaret M. Embry, US Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

Vincent Dennis Callahan, III, San Antonio, TX, for Defendant–Appellant.

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:*

Bart Ellis Shoupe appeals his jury-trial conviction for conspiracy to possess with intent to distribute marijuana between 1993 and 1996. He contends that the district court abused its discretion by admitting evidence under FED.R.EVID. 404(b) of his involvement in a marijuana-trafficking operation in 2002, while he was a fugitive. Shoupe's defense was that he lacked the intent to join the charged conspiracy.

The district court did not abuse its discretion by admitting the evidence of Shoupe's subsequent conduct. *See United States v. Buchanan*, 70 F.3d 818, 831 (5th Cir.1995). The evidence was admissible under FED.R.EVID. 404(b) because Shoupe asserted a defense of a lack of intent, and the other-acts evidence was admitted for the limited purpose of showing that Shoupe had the intent to conspire to possess and distribute marijuana. *See United States v. Broussard*, 80 F.3d 1025, 1040 (5th Cir.1996); *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir.1978) (*en banc*). The probative value of the contested evidence was relevant to Shoupe's intent and was not outweighed by the danger of unfair prejudice, especially in light of the district court's instruction that the evi-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

dence could be considered only with regard to Shoupe's intent or state of mind. *See Broussard,* 80 F.3d at 1040.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.